**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

SOUTHEASTERN MARINE, LLC
d/b/a TOWBOATUS FERNANDINA,

     Plaintiff,

vs.
                                   CASE NO. 3:09-cv-693-J-25TEM

The Motor Yacht OCEAN CLUB, its embarked
Tender NOVURANIA and its embarked Yamaha
personal watercraft, its tackle, equipment, apparel,
furniture, etc., *in rem*, JANE MARINE LLC and
FIREMAN'S FUND INSURANCE COMPANY,
*in personam*.

     Defendants.

_____

## O R D E R

This case is before the Court on Defendants' Motion to Strike Plaintiff's Demand for

Jury Trial and Claim for Attorney Fees (Doc. #23, Motion to Strike), as stated in the original

complaint (Doc. #1) and the amended complaint (Doc. #15). Defendants argue that

Plaintiff is not entitled to a jury trial because Plaintiff elected to proceed in admiralty

pursuant to Rule 9(h) of the Federal Rules of Civil Procedure (Doc. #23). Defendants also

claim that Plaintiff is not entitled to attorney fees because admiralty law does not recognize

attorney fee liens in an *in rem* claim without evidence of bad faith, a frivolous defense, or

a contractual provision authorizing the award (Doc #23). Plaintiff filed a memo in opposition

to Defendants' Motion to Strike (Doc. #24).

**Jury Trial**

The Court notes that, as a general matter, there is no protected right to a jury trial

in an admiralty dispute. *Beiswenger Enterprises Corp. v. Carletta*, 86 F.3d 1032, 1037 (11th

Cir. 1996) ("... as in all admiralty cases, there is no right to a jury trial."); Fed. R. Civ. P. 38(e) ("These rules do not create a right to a jury trial on issues in a claim that is an admiralty or maritime claim under Rule 9(h)."). However, the savings to suitors clause of 28 U.S.C. § 1333 protects "the right of a common law remedy where the common law is competent to give it." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 443 (2001) (internal citation omitted). Therefore, if a case sounding in both admiralty and common law arises from a single incident in which *in personam* jurisdiction is alleged, the plaintiff can choose between filing the complaint in state court based on *in personam* jurisdiction, in federal court based on the applicable jurisdiction, or in federal court pursuant to Rule 9(h) of the Federal Rules of Civil Procedures. *St. Paul Fire & Marine Ins. Co. v. Lago Canyon, Inc.*, 561 F.3d 1181, 1187 (11ᵗʰ Cir. 2009). By designating a claim under Rule 9(h), the plaintiff is afforded certain procedural rights such as vessel-arrest, garnishment, attachment, bond, and other equitable remedies, but forfeits the right for either party to demand a jury trial without separate statutory authority. *Miles v. M/V Hansa Caledonia*, 245 F.Supp.2d 1261 (S.D. Ga. 2002); *see also, St. Paul Fire & Marine Ins. Co. v. Lago Canyon, Inc.*, 561 F.3d at 1181 (finding when a plaintiff specifically files claim in admiralty pursuant to Rule 9(h), a counterclaiming defendant is similarly unable to demand a jury trial under diversity jurisdiction arising from the same incident).

In this case, similar to the plaintiff in *Miles v. M/V Hansa Caledonia*, Plaintiff argues that it is not precluded from demanding a jury trial because both an admiralty claim and a legal claim based on diversity jurisdiction were asserted in the complaint (*see generally*, Doc #24). Plaintiff relies heavily on the Supreme Court's decision in *Fitzgerald v. United States Lines Company*, 374 U.S. 16 (1963), to support this argument. In *Fitzgerald*, the

plaintiff filed a single complaint in federal court against a shipowner with both admiralty and legal claims, including negligence, unseaworthiness, maintenance and cure, failure to provide plaintiff with medical attention and lost wages. *Id.* at 17. In *Fitzgerald*, the plaintiff's negligence claim invoked the Jones Act, which specifically provides seamen with the right to a jury trial. *Id.* The plaintiff demanded a jury trial for all issues arising out of the accident, including those not covered by the Jones Act. *Id.* The trial judge granted a jury trial only for the Jones Act and unseaworthiness claims, but reserved the maintenance and cure issue for a bench trial. *Id.* The Second Circuit affirmed, but the Supreme Court reasoned that "[o]nly one trier of fact should be used for the trial of what is essentially one lawsuit to settle one claim split conceptually into separate parts because of historical developments." *Id.* at 21. Therefore, the Supreme Court reversed, holding that "a maintenance and cure claim joined with a Jones Act claim must be submitted to the jury when both arise out of one set of facts." *Id.* This holding has been interpreted to permit trials by jury in those maritime cases in which the plaintiff is statutorily entitled to a jury on one of the admiralty claims, but not entitled to a jury on the other claims. *See Durden v. Exxon Corp.*, 803 F.2d 845 (5th Cir. 1986) (wherein the court permitted the case to be tried before a jury while a Jones Act claim remained alive, but dismissed the jury and resumed the trial as a non-jury admiralty case after directing a verdict for the Jones Act defendant at the close of the plaintiff's evidence).

Defendants argue, however, that the instant case can be distinguished from *Fitzgerald* because the Jones Act claim specifically preserved the right to a jury trial (Doc. #23). Defendants claim that since Plaintiff specifically invoked Rule 9(h) in both the original complaint and the amended complaint, Plaintiff evinced intent to proceed in admiralty,

thereby waiving any right to a jury trial (*see generally*, Doc. #23).  Defendants further argue

the presence of an *in personam* claim within the same complaint as an *in rem* claim does

not create the right to a trial by jury (Doc. #23).

In support of these arguments, Defendants point to the cases of *Durden v. Exxon*

*Corp.*, 803 F.2d 845 (5th Cir. 1986); *Cooper/T.Smith Stevedoring Co., Inc. v. M/V Alberta*,

Nos. H-07-2698, H-07-2541, H-07-3707, 2009 WL 47139 (S.D. Tex. Jan. 6, 2009);[1] and,

*Miles v. M/V Hansa Caledonia*, 245 F.Supp.2d 1261 (S.D. Ga. 2002).  The Court finds

these cases and that of *St. Paul Fire & Marine Ins. Co. v. Lago Canyon, Inc.*, 561 F.3d

1181 (11th Cir. 2009), to be the most instructive in guiding its decision.

The plaintiff in *Durden* filed a complaint in federal court against the owners and

operators of a ship *in personam* based on diversity and against the ship *in rem*,

accompanied with a Jones Act claim.  *Durden v. Exxon Corp.*, 803 F.2d at 847.  As noted

earlier, the district court in *Durden* directed a verdict against the plaintiff on the Jones Act

claim at the close of the plaintiff's evidence, and continued the trial without a jury based on

the admiralty jurisdiction.  *Id.*  The Fifth Circuit Court upheld the trial court's actions,

reasoning "there is no right to a jury trial where the complaint contains a statement

identifying the claim as an admiralty or maritime claim, even though diversity jurisdiction

exists as well."  *Id.* at 849-50 (internal citation omitted).  The appellate court commented

---

[1]Unpublished opinions may be cited throughout this order as persuasive on a particular
point.  The Court does not rely on unpublished opinions as precedent.  Citation to
unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1,
Fed. R. App. P.  Unpublished opinions may be cited as persuasive authority pursuant to
the Eleventh Circuit Rules.  11th Cir. R. 36-2.

that "[t]he time has not yet come when a plaintiff is entitled to a jury in every admiralty action." *Id.* at 849.

In *Cooper/T. Smith Stevedoring Co., Inc. v. M/V Alberta*, the district court struck the plaintiff's jury trial demand after the plaintiff filed separate lawsuits with *in rem* and *in personam* claims and then attempted to consolidate the suits while preserving the right to a jury trial that was attached to the *in personam* claims. *Cooper/T. Smith Stevedoring Co., Inc. v. M/V Alberta,* 2009 WL 47139 at *2. The district court reasoned that a "[p]laintiff cannot circumvent the holding in *Durden* by filing *in personam* claims under a separate cause number and then moving to consolidate it with the *in rem* case for a single trial with a single factfinder." *Id.* at *4. The plaintiff was found to have invoked the admiralty jurisdiction of the court with respect to the claims arising out of the one incident that was the subject of the consolidated action and had given up the right to try the case before a jury after having invoked the benefits of *in rem* jurisdiction. *Id.*

The reasoning of the *Durden* and *Cooper/T. Smith Stevedoring* courts is persuasive. The decision to proceed in admiralty or "at law" is made according to Rule 9(h), and that decision has important consequences to be considered in advance of making such a choice. *See Cooper/T. Smith Stevedoring Co., Inc. v. M/V Alberta,* 2009 WL 47139 at *2-3.[2] The right to a jury trial is typically waived when a party avails itself of the unique

---

[2]Fed. R. Civ. P. 9(h) provides in pertinent part:
> If a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim for purposes of Rules 14(c), 38(e), and 82 and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. A claim cognizable only in the admiralty or maritime jurisdiction is an admiralty or
>
> (continued...)

benefits and procedures found in the realm of maritime law. Rule 38(e) of the Federal Rules of Civil Procedure operates in conjunction with Rule 9(h) to provide that the Federal Rules "do not create a right to a jury trial on issues in a claim that is an admiralty or maritime claim under Rule 9(h)."

In *Miles v. M/V Hansa Caledonia,* the court, recognizing the tension between admiralty claims and the savings to suitors clause, noted the disagreement among courts over whether a plaintiff may "have his cake and eat it too." *Miles v. M/V Hansa Caledonia,* 245 F.Supp.2d at 1262. In *Miles*, a ship's foreman who was injured on the job filed a single lawsuit claiming negligence against the owner *in personam* and the vessel *in rem*, based on both diversity and admiralty jurisdiction. *Id.* at 1261-62. The plaintiff requested a jury trial for his diversity claim and a bench trial for his *in rem* claim. *See id.* The defendants claimed the plaintiff had waived any jury trial rights by filing the complaint in admiralty under Rule 9(h). *Id.* at 1262. The district court ultimately agreed that when a plaintiff asserts both maritime jurisdiction and diversity jurisdiction, and invokes Rule 9(h) in his pleadings, he has waived his right to trial by jury and has availed himself of the benefits attendant to admiralty cases. *Id.* at 1262-63. The court reasoned that expanding *Fitzgerald* beyond the confines of its holding should be the responsibility of the legislature, not the court, and granted the defendants' motion to strike the jury demand, in part "[b]ecause Miles has already reaped the 'admiralty' advantages on his negligence claim.

---

[2](...continued)
maritime claim for those purposes, whether or not so designated.
Fed. R. Civ. P. 9(h)(1).

. . [so] he cannot now invoke the 'at-law' side of this Court to obtain a jury trial on it." *Id.* at

1268.

In the more recent case of *St. Paul Fire & Marine Ins. Co. v. Lago Canyon, Inc.*, 561

F.3d 1181 (11th Cir. 2009), the Eleventh Circuit addressed whether or not a counter-plaintiff

had a right to a jury trial on a breach of contract claim that arose out of the same operative

facts and same marine insurance policy that gave rise to the plaintiff's admiralty complaint.

In examining this bench versus jury trial issue, the Eleventh Circuit revisited the earlier

precedent established by *Harrison v. Flota Mercante Grancolombiana, S.A.*, 577 F.2d 968

(5th Cir. 1978),[3] which held that when a party's claims may be properly brought as either an

admiralty or a civil action, the pleader has the power to determine under what basis of

jurisdiction the case will proceed and the consequences of that decision will result from how

the pleader exercises his privilege of choice. *See St. Paul Fire & Marine Ins. Co. v. Lago*

*Canyon, Inc.*, 561 F.3d at 1186-89 (discussing *Harrison v. Flota Mercante Grancolombiana,*

*S.A.*).  The court noted that "*Harrison* addressed what happens when both admiralty and

some other ground of federal jurisdiction exist in the same case and the plaintiff invokes

admiralty jurisdiction under Rule 9(h)." *Id.* at 1188.  While acknowledging that "courts are

divided on the question of whether a plaintiff's Rule 9(h) admiralty designation prevents a

defendant from obtaining a jury trial," the Eleventh Circuit ultimately upheld the district

court's order striking the defendant/counter-plaintiff Lago Canyon's demand for a jury trial.

*Id.* at 1188-89.

---

[3]In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh
Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed
down prior to the close of business on September 30, 1981.

Although Plaintiff also points to *Vodusek v. Bayliner Marine Corporation*, 71 F.3d 148 (4th Cir. 1995), for support that it should be permitted a jury trial because it specifically denoted this action as "In Admiralty plus Claims in diversity" (*see* Doc. #1 at 1, Doc. #24 at 3), the Court is not persuaded. In *Vodusek*, the plaintiff's estate filed a single complaint in federal court alleging an admiralty claim against the seller of a boat and a diverse legal claim against the boat manufacturer. *Id.* at 151. The district court submitted both claims to the jury based on the diversity jurisdiction. *Id.* In reviewing the precedent of *Fitzgerald*, the Fourth Circuit Court determined "the Supreme Court has adopted the pragmatic procedural rule that both the admiralty claim and the law claim be decided by the jury. . ." *Id.* at 153. Thus, the court affirmed the jury trial for both issues because "all of Vodusek's claims [arose] from the same boating accident and the same resulting injuries. . . [so] the underlying reasoning that motivated the Court's decision in *Fitzgerald* counsel us to extend the *Fitzgerald* rule to the circumstances here." *Id.* at 153-54. The Eleventh Circuit, however, did not chose to expand the reasoning in *Fitzgerald* to apply in *St. Paul Fire & Marine Ins. Co. v. Lago Canyon, Inc.*, when it was faced with a counter-claim based on diversity jurisdiction and primary claims brought under the court's admiralty jurisdiction. Instead, the Eleventh Circuit determined the initial admiralty claim precluded the defendant/counter-plaintiff from demanding a jury trial on its case. *Compare Vodusek v. Bayliner Marine Corporation*, 71 F.3d 148, 151 (4th Cir. 1995) *with St. Paul Fire & Marine Ins. Co. v. Lago Canyon, Inc.*, 561 F.3d 1181 (11th Cir. 2009). It would seem the posture of the Fourth Circuit in *Vodusek* is at odds with precedent in our circuit under *St. Paul Fire*.

The holding of *Ghotra v. Bandila Shipping Incorporated*, 113 F.3d 1050 (9th Cir. 1997) presents a somewhat similar dilemma for the Court. Plaintiff points to *Ghotra* to

support the proposition it should be permitted to have a jury trial even though the case sounds in both admiralty and diversity (*see* Doc. #24 at 5). In *Ghotra*, a man's family and estate filed a complaint with diverse legal claims against a vessel's owner and charterer and *in rem* claims against the vessel. *Id.* at 1053. The district court found the plaintiff was not entitled to a jury trial for either claims. *Id.* at 1054. On appeal, the Ninth Circuit noted the plaintiff had clearly asserted three claims based on diversity jurisdiction and had explicitly demanded a jury trial for each. *Id.* Therefore, the court ruled that *Fitzgerald* justified a single jury trial for all claims, even though "the right to jury trial . . . [was] derive[d] from the savings to suitors clause rather than a statutory grant such as the Jones Act . . ." *Id.* at 1056-57.

In this case, the Plaintiff is seeking to retain the ability to try the case before a jury while also declaring the action is brought "in admiralty" and retaining the procedural benefits concomitant with a maritime action. Here, Plaintiff has "reaped the admiralty advantages" through its use of a stipulation in lieu of vessel arrest and the procurement of a letter of undertaking from the vessel's insurer (*see* Docs. #2, #3). Having given the matter due consideration, the Court finds Plaintiff waived its right to a jury trial through the initiation of this action in admiralty, by so designating the case in the caption and by invoking Rule 9(h) throughout the pleadings, and by virtue of having received procedural benefits available only to admiralty litigants. *See St. Paul Fire & Marine Ins. Co. v. Lago, Canyon, Inc., supra,* 561 F.3d at 1181*; Miles v. M/V Hansa Caledonia, supra,* 245 F.Supp.2d at 1261. Thus, to the extent Defendants' Motion to Strike (Doc. #23) requests Plaintiff's demand for a jury trial be stricken from the pleadings, the motion will be **GRANTED**.

**Attorney Fees**

Another way in which admiralty actions differ from many civil actions is that attorney fees awards are generally unavailable if the suit is brought *in rem*. *Bradford Marine, Inc. v. M/V "SEA FALCON"*, 64 F.3d 585, 589 (11th Cir. 1995). Further, cases involving salvage liens, such as this case, are considered *in rem* admiralty actions. *Offshore Marine Towing, Inc. v. MR23*, 412 F.3d 1254, 1257 (11th Cir. 2005). "A maritime action *in rem* for salvage, including contract salvage, is also a suit to enforce a lien." *Id.* "Because the attorney's fees incurred in the litigation... were not part of the value of the salvage lien against the vessel, they could not properly be recovered in an action *in rem*." *Id.* However, an award of attorney fees in admiralty is somewhat subject to the court's discretion. *Vaughan v. N.J. Atkinson*, 369 U.S. 527, 530-31 (1962) (awarding attorney's fees in an admiralty dispute after one party willfully and persistently refused to pay the plaintiff what was plainly owed to him); *Compania Galeana v. Motor Vessel Caribbean Mara*, 565 F.2d 358 (5th Cir. 1978) ("The granting of attorney's fees is discretionary in admiralty actions . . . and in salvage cases specifically.").

In determining whether the court should exercise this discretion, "consideration [should be] given to the necessity for the litigation and the trial upon the issues raised." *Southernmost Marine Services, Inc. v. One (1) 2000 Fifty Four Foot, etc.*, 250 F.Supp.2d 1367, 1381 (S.D. Fla. 2003). In this case, Defendants argue the Court has discretion only to award attorney fees in an *in personam* salvage claim with evidence of bad faith, a frivolous defense, or a contractual provision awarding the fees (Doc. #23). Defendants claim that because there was no assertion of bad faith or salvage service contract, an award of attorney fees is not legally justified (Doc. #23). Plaintiff asserts that the request

to strike the attorney fees demand is premature since the facts of the case have not yet been heard (Doc. #24).

Here, the Court agrees with Plaintiff in that the Court has some discretion as to whether attorney fees should be awarded in this case and the case has not been developed to the point such a decision can be made. Accordingly, the Court is not prepared to grant the Motion to Strike Plaintiff's Claim for Attorney Fees at this time.

The Court has considered this matter and, accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Strike Plaintiff's Jury Trial Demand . . . (Doc. #23) is **GRANTED**.

2. The request for jury trial (Doc. #1, #15) shall be **STRICKEN FROM THE PLEADINGS.** The Clerk is directed to reset this trial on the non-jury calendar.

3. Defendant's Motion to Strike Plaintiff's . . . Claim for Attorney Fees (Doc. #23) is **DENIED without prejudice**.

**DONE AND ORDERED** at Jacksonville, Florida this 21st day of June, 2010.

Copies to all counsel of record

*Thomas E. Morris*

THOMAS E. MORRIS
United States Magistrate Judge